[Cite as *Nichols v. Nichols*, 2014-Ohio-1213.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PRICILLA MARIE NICHOLS | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| RICHARD EARL NICHOLS | : | Case No. 13-COA-040 |
| | : | |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Ashland County
                                  Court of Common Pleas, Domestic
                                  Relations Divsion, Case No.
                                  13-DIV-009

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 March 25, 2014

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

JOSEPH P. KEARNS, JR.                      No Appearance
Mason, Mason & Kearns
P.O. Box 345
153 West Main Street
Ashland, OH 44805

*Baldwin, J.*

{¶1} Appellant Priscilla Marie Nichols appeals a judgment of the Ashland County Common Pleas Court granting her a divorce from appellee Richard Earl Nichols.

## STATEMENT OF FACTS AND CASE

{¶2} The parties were married in Baltimore, Maryland, on April 16, 2010. In May of 2012, they separated and appellant moved to Ohio. Appellant filed a complaint for divorce on January 10, 2013, in Ashland County.

{¶3} Appellee, whose last known address was in Maryland, was served by publication pursuant to Civ. R. 4.4. He did not enter an appearance in the case. The case proceeded to a hearing before a magistrate. The magistrate recommended that appellant be granted a divorce on the grounds of incompatibility. The magistrate found that the court did not have jurisdiction to address property division or spousal support because the court had in rem jurisdiction over appellee and not personal jurisdiction. The magistrate found that appellee never resided in Ohio during the course of the marriage.

{¶4} Appellant objected to the magistrate's decision solely as to the magistrate's legal conclusion that the court did not have jurisdiction to divide personal property. Appellant argued that the court had jurisdiction to divide personal property located in Ohio, specifically a 2010 Ford F150 truck and the proceeds of a 401K plan. Because appellant did not challenge the magistrate's findings of fact, she did not request a transcript pursuant to Civ. R. 53. The trial court therefore only reviewed the magistrate's findings to determine if they were sufficient to support the conclusions of

law. The court entered judgment in accordance with the magistrate's decision. Appellant assigns a single error:

{¶5} "THE TRIAL COURT ERRED IN RULING THAT THE COURT DID NOT HAVE JURISDICTION OVER PERSONAL PROPERTY LOCATED IN THE STATE OF OHIO."

{¶6} The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

{¶7} "(E) Determination and judgment on appeal.

{¶8} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶9} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (1983).

{¶10} This appeal will be considered with the above in mind.

{¶11} Appellant argues that the court had jurisdiction to divide personal property located in Ohio, namely the 2010 Ford truck and a 401K plan.

{¶12} The magistrate made the following finding of fact regarding this property:

"The only marital property **arguably** located in the State of Ohio are: (1) a 2010 Ford F150 truck, titled in Defendant's name, and in possession of Plaintiff, with Defendant's associated debt thereon taken out in Maryland (with a current balance

thereon in an amount roughly equal to the value of the vehicle); and, (2) the proceeds of a 401K plan, owned by the Defendant, that, as of June 30, 2013 was administered by American Funds of Loveland, Ohio."

{¶13}   Appellant did not object to this finding of fact, did not provide the trial court with a transcript of the hearing before the magistrate, and did not provide this court with a transcript of the proceedings.  The record therefore does not support appellant claim that the marital property is in fact located in the State of Ohio, as the magistrate did not make a finding that this property is located in Ohio.

{¶14}   Further, appellant's reliance on *Kvinta v. Kvinta*, 10th Dist. Franklin No. 02AP-836, 2003-Ohio-2884, is misplaced.   In *Kvinta*, the property at issue was real property located in the State of Ohio, which the plaintiff had identified and claimed an interest therein in her complaint for a legal separation.  She requested that the court award her a judgment of support as a charge against the property in her complaint, and service of process was accomplished on the out of state defendant by ordinary mail. She also had filed a notice of lis pendens in Richland County, where the property was located, claiming a marital interest in the property. The Court of Appeals found that although the trial court did not have personal jurisdiction over the out-of-state defendant, the court had acquired jurisdiction over the real property located in Ohio and could apply the property to a support award.  *Id.* at 48.  The instant case involves personal property, and appellant is not seeking to have the court exercise jurisdiction over the property in order to meet a support award.

{¶15}   Although a court may grant an ex parte divorce to a spouse domiciled in the state, it must have personal jurisdiction over the nonresident spouse in order to

determine issues of spousal support and property division. *During v. Quoico*, 10th Dist. Franklin No. 11AP–735, 973 N.E. 2d 838, 2012-Ohio-2990, ¶39, citing *Armstrong v. Armstrong*, 162 Ohio St. 406, 410, 123 N.E.2d 267 (1954). In the instant case, appellant does not argue that the court had personal jurisdiction over appellee. Accordingly, the court could not divide marital property.

{¶16} The assignment of error is overruled. The judgment of the Ashland County Common Pleas Court, Domestic Relations Division, is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.