[Cite as *Nichols v. Nichols*, 2014-Ohio-5025.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| PRISCILLA MARIE NICHOLS | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff- Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| RICHARD EARL NICHOLS | : | Case No. 14-COA-012 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 13-DIV-009


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        November 10, 2014


APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

JOSEPH P. KEARNS, JR.        NO APPEARANCE
P.O. Box 345
153 West Main Street
Ashland, OH 44805

*Farmer, J.*

{¶1}   Appellant, Priscilla Nichols, and appellee, Richard Nichols, were married on April 16, 2010 in Baltimore, Maryland.   No children were born as issue of the marriage.  On January 10, 2013, appellant filed a complaint for divorce in Ohio.

{¶2}   On July 2, 2013, appellant filed a motion for uncontested hearing, stating the whereabouts of appellee were unknown and he was served through publication. Appellee never filed a responsive pleading nor made an appearance.

{¶3}   A hearing before a magistrate was held on July 24, 2013.  By decision filed August 19, 2013, the magistrate recommended the granting of a divorce, but determined the trial court did not have personal jurisdiction over appellee to address property division or spousal support.   Appellant filed an objection on the issue of jurisdiction.   By judgment entry filed November 5, 2013, the trial court denied the objection and adopted the magistrate's decision.  Appellant filed an appeal.  This court affirmed the trial court's decision.  *Nichols v. Nichols,* 5th Dist. Ashland No. 13-COA-040, 2014-Ohio-1213.

{¶4}   On April 2, 2014, appellant filed a stipulation of dismissal.   On April 7, 2014, the trial court sua sponte filed a decree of divorce.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶6}   "THE TRIAL COURT ERRED IN GRANTING A DECREE OF DIVORCE AFTER THE CASE HAD BEEN DISMISSED."

I

{¶7}   Appellant claims the trial court erred in sua sponte filing a final decree of divorce after she had filed a Civ.R. 41(A)(1)(b) dismissal.  We disagree.

{¶8}   On April 2, 2014, appellant filed a stipulation of dismissal pursuant to Civ.R. 41(A)(1)(b) which states the following:

> *(1) By plaintiff; by stipulation.* Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
>
> (b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

{¶9}   This case presents a novel application of a Civ.R. 41(A)(1)(b) dismissal. Because service was perfected by publication under Civ.R 4.4 due to appellee's transient lifestyle, the trial court only had in rem jurisdiction over him.

{¶10} The matter was initially heard by a magistrate on July 24, 2013.  The magistrate's decision filed August 19, 2013 recommended the granting of a divorce, set the duration of the marriage from April 16, 2010 to July 24, 2013, and determined the trial court only had in rem jurisdiction over appellee.  As a result, the decision did not address property division or spousal support.

{¶11} Appellant objected to the magistrate's decision on the issue of jurisdiction. In her October 8, 2013 memorandum in support, appellant argued the following:

In the case of <u>Kvinta v. Kvinta</u>, 2003 Ohio 2884, 2003 WL21291049 (10th Dist., 2003), the Court was faced with a situation where the Defendant did not reside in the state of Ohio, but did own property in Richland county, Ohio. The Court therein stated that although they did not have jurisdiction of the Defendant's assets outside of Ohio, the trial court did have jurisdiction over the…Ohio home. That Court awarded to (sic) the house to the Plaintiff, who was a resident of Ohio.

{¶12} In its judgment entry filed November 5, 2013, the trial court denied the objection and adopted the magistrate's decision pursuant to Civ.R. 53(D)(4)(b). The trial court then ordered: "As directed in the Magistrate's Decision, counsel for Plaintiff shall prepare the appropriate Decree of Divorce conforming to the Magistrate's Decision and submit the same to the Court, all in accordance with the Local Rules." The trial court further inserted Civ.R. 58 language in the ruling thereby rendering a final appealable order:

Within three (3) days of entering this judgment upon the Court's journal, the Clerk of Courts is hereby directed to serve copies of this Judgment Entry on the persons indicated in the cc: below. Said service shall be completed pursuant to Civil Rule 5(B) and by ordinary U.S. mail, unless another method is specified above. The Clerk of Courts shall also note service and date of service of the Judgment Entry in the appearance

docket, all in accordance with Rule 58 of the Ohio Rules of Civil Procedure.

{¶13} Appellant appealed the trial court's decision, assigning as error: "THE TRIAL COURT ERRED IN RULING THAT THE COURT DID NOT HAVE JURISDICTION OVER PERSONAL PROPERTY LOCATED IN THE STATE OF OHIO." *Nichols v. Nichols,* 5th Dist. Ashland No. 13-COA-040, 2014-Ohio-1213, ¶ 5. This court affirmed the trial court's decision, noting at ¶ 14 that the case "involves personal property, and appellant is not seeking to have the court exercise jurisdiction over the property in order to meet a support award," and stating the following at ¶ 15-16:

Although a court may grant an ex parte divorce to a spouse domiciled in the state, it must have personal jurisdiction over the nonresident spouse in order to determine issues of spousal support and property division. *During v. Quoico*, 10th Dist. Franklin No. 11AP-735, 973 N.E. 2d 838, 2012-Ohio-2990, ¶39, citing *Armstrong v. Armstrong*, 162 Ohio St. 406, 410, 123 N.E.2d 267 (1954). In the instant case, appellant does not argue that the court had personal jurisdiction over appellee. Accordingly, the court could not divide marital property.

The assignment of error is overruled. The judgment of the Ashland County Common Pleas Court, Domestic Relations Division, is affirmed. Costs are assessed to appellant.

{¶14} On April 2, 2014, appellant filed a stipulation of dismissal pursuant to Civ.R. 41(A)(1)(b), and the trial court sua sponte filed a decree of divorce on April 7, 2014 pursuant to Loc.R. 15.01(C) of the Court of Common Pleas of Ashland County. In the decree, the trial court stated the following:

The Court finds that Plaintiff has been a resident of Ashland County and the State of Ohio prior to the filing of the complaint for divorce, necessary for this Court to have proper subject matter jurisdiction and venue. The Court finds that Defendant, whose last known address was in the state of Maryland, was served by publication pursuant to Civ. R. 4.4. The Court has in rem jurisdiction over Defendant and not personal jurisdiction.

{¶15} The trial court further determined: "Pursuant to the November 5, 2013 Judgment Entry of this Court, as affirmed by the Fifth District Court of Appeals pursuant to its Judgment Entry and Opinion filed on March 25, 2014 in Case No. 13-COA-040, this Court does not have jurisdiction to divide the property of the parties."

{¶16} Appellant argues the trial court erred in filing the decree of divorce as it was divested of jurisdiction because of the stipulated dismissal.

{¶17} Loc.R. 15.01 of the Court of Common Pleas for Ashland County governs preparation of orders, entries and decrees. Subsections (B) and (C) state the following:

(B) UPON DIRECTION OF THE COURT OR UPON SETTLEMENT: Upon direction of the Court following oral hearing or following settlement, Counsel for Plaintiff or such attorney as assigned by the Court, shall prepare a proposed Judgment Entry based upon the Court's verbal announcement of decision or the parties' settlement terms. Counsel shall prepare the Judgment Entry and submit the same to opposing counsel for approval **within fourteen (14) days** of the hearing. Opposing Counsel shall thereafter have **fourteen (14) days** to review and approve the proposed Entry. **Counsel shall submit a properly approved Entry to the Court no later than forty-five (45) days following the Court's direction or settlement.** Except upon express permission of the Court, the parties and counsel shall not be excused from attending any mediation or hearing in a case settled prior to mediation or hearing unless the Judgment Entry is submitted to the Court prior to the scheduled mediation or hearing.

(C) COURT PREPARED ORDERS AND DECREES: Provisions of this rule shall not be deemed to preclude the Court at any time from *sua sponte* preparing and filing with the Clerk its own judgment or order.

{¶18} Appellant did not comply with the time guidelines of Loc.R. 15.01(B) as directed by the trial court in its judgment entry of November 5, 2013.

{¶19} Given the language of the trial court's November 5, 2013 judgment entry adopting the magistrate's decision and ordering appellant to prepare the decree of

divorce, the failure to obtain a stay in filing the first appeal, and the express language of this court's opinion cited above and the mandate, we find the stipulated dismissal on April 2, 2014 was untimely.

{¶20} The issue of the granting of the divorce was never appealed, and this court's mandate affirmed the granting of the divorce. We find the issue to be res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. Civ.R. 41(A)(1)(b) was not applicable sub judice.

{¶21} Upon review, we find the trial court did not err in sua sponte filing a decree of divorce pursuant to Loc.R. 15.01(C).

{¶22} The sole assignment of error is denied.

{¶23} The judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

SGF/sg